## LARRY *versus* LUNT.

A right of way cannot be established by *user*, where such use arose by reason of a legal location.

A town way, which had its origin and continuance by virtue of a legal location, may be discontinued, although *used* for more than twenty years.

ON FACTS AGREED.

TRESPASS *quare clausum.*

The plaintiff was in possession of the Forbes farm, so called. The defendant with his team passed over a portion of it, but within the side lines of a way which had been traveled upwards of twenty-four years, in going to and returning from the Roberts farm, (so called,) and for other purposes. There the road terminated.

The defendant owned the Roberts farm, at the time of the alleged trespass, and also a forty acre lot adjoining. There was no other road by which to get on and off the said Roberts farm, but there was a county road which run across one corner of said forty acre lot.

By the town records, this way, on which the defendant was traveling, was laid out by the selectmen in 1825, and discontinued in 1849, and before the trespass complained of.

The Court were at liberty to draw such inferences as a jury might, and to order a nonsuit or default according to law.

*Black,* for the plaintiff.

1. The way was a town or private way, located by the authorities of the town, and duly accepted. It was opened, publicly used and acquiesced in for a series of years. Statute of 1821, c. 108, § 9; 3 Maine, 438.

2. If there was any informality or defect in the proceedings establishing the way, all objection on that account has been waived by neglect to take advantage of them. 11 Mass. 447; 9 Pick. 51; 20 Pick. 71; 10 Pick. 519; 11 Pick. 269; 1 Met. 336.

3. If any way had been acquired by prescription, it was a private way. It does not appear that there were any buildings of any description upon it, but it simply led across the Forbes farm to the Roberts farm and there terminated. It could consequently have been used for no other purpose than for the benefit of the occupant of the Roberts farm, and for the purposes of its own repairs.

4. It would not be a way of necessity. Convenience alone is not sufficient to create or continue a way. 24 Pick. 102.

5. The town may discontinue a town or private way at a meeting duly called for that purpose, without any action of the selectmen. The R. S. do not differ essentially from the statute of 1821, in that respect.

The town did discontinue the way in question before the alleged trespass. R. S. c. 25, § 30; *Latham* v. *Wilton,* 23 Maine, 125.

*Walton,* for the defendant.

SHEPLEY, C. J. — Upon the facts presented by the agreed statement, the defendant will find no justification for his passing across the farm of the plaintiff, unless he had acquired a right to do so, upon an existing way, established by usage, or laid out by the selectmen, and accepted by the town of Peru.

No town way can be considered as established by its being used as a way, when such use appears to have had its

Larry *v.* Lunt.

origin and continuance by virtue of a legal location, and when such way appears to have been legally discontinued. A way appears to have been laid out by the selectmen of that town on June 15, 1825, across the farm now owned by the plaintiff, and to have been accepted by the town at a meeting holden on September 12, 1825. The warrant contained an article to accept any roads laid out by the selectmen and reported at that time.

It does not appear by the return of the selectmen, that the owners of the land were notified. There appears to have been an acquiescence in its location and use, for more than twenty years, and the presumption of law is, that due notice was given. *Harlow* v. *Pike,* 3 Greenl. 438. No fact is presented tending to rebut that presumption.

The return of the constable upon the warrant does not state how he notified the qualified voters. It does not appear, that the town had agreed upon any mode, in which it should have been done. There appears by the record, to have been a meeting at the time and place, at which business was transacted. The presumption therefore is, that the voters had been summoned in such manner as the town had agreed upon. *Ford* v. *Clough,* 8 Greenl. 334.

A town meeting appears to have been summoned to be holden on March 5, 1849, by virtue of a warrant containing an article to see if the town would discontinue this way, and at the meeting a vote was passed to discontinue it. It is not perceived that it was not legally notified, as required by statute, c. 5, § 6. The town was authorized to discontinue such a way by statute, c. 25, § 30.

*The defence failing, the<br>defendant is to be defaulted.*

WELLS, TENNEY, HOWARD and APPLETON, J. J., concurred.